United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, Plaintiff | ) ) ) |
| v. | ) Criminal Case No. 16-20094-CR-Scola ) |
| Desmond Shotwell, Defendant. | ) |

## Order Denying Defendant's Motion for Sentence Reduction

Before the Court is pro se Defendant Desmond Shotwell's motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). (Def.'s Mot., ECF No. 69). The Government has responded, opposing the motion, arguing (1) Shotwell has failed to establish any "extraordinary or compelling" reason that would warrant his early release and (2) the 18 U.S.C. § 3553(a) factors weigh against a sentence reduction (Govt's Resp., ECF No. 72.) Shotwell has not submitted a reply and the time to do so has passed. After careful review of the parties' submissions, the record, and the relevant legal authorities, the Court **denies** Shotwell's motion (**ECF No. 69**).

1. **Background**

During a traffic stop in January 2016, Shotwell fled as police attempted to secure him. (Factual Proffer, ECF No. 24, 1.) After a short chase, one of the officers caught Shotwell. (*Id.* at 2.) In the meantime, another officer, who remained at traffic stop, recovered a gun, loaded with a bullet in the chamber, from Shotwell's jacket, which he had left behind. (*Id.*) At the time of the stop, Shotwell was a previously-convicted felon, and he had not applied to have his rights to possess a firearm and ammunition restored. (*Id.*)

In May 2016, Shotwell pleaded guilty to possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (Minutes, ECF No. 25.) At sentencing, Shotwell scored a total offense level of 31 and a criminal history category of IV, resulting in a guideline range of 180 to 188 months' imprisonment. (Govt's Resp. at 1.) Shotwell's minimum term of imprisonment under 18 U.S.C. § 924(e)(1) was 180 months. (PSI ¶ 58, ECF No. 38, 17.) The Court sentenced Shotwell to the minimum mandatory sentence, of 180 months, which was affirmed by the Eleventh Circuit. (Mandate, ECF No. 63.)

Shotwell is presently serving his sentence at USP Victorville, with an anticipated release date of March 25, 2029. (Govt's Resp. at 2.) Notably, while

in custody, Shotwell has been sanctioned for several disciplinary incidents. (Discipline Data, Ex. A, ECF No. 72-1.)

According to Shotwell, his sentence should be reduced based on what he says are various extraordinary and compelling reasons as well as the "uniquely harsh conditions" at Victorville. (Def.'s Mot. at 2–4.)

## 2. Legal Standard

Section 3582(c)(1)(A) permits a court to reduce a sentence, upon consideration of the § 3553(a) factors, where "extraordinary and compelling reasons warrant such a reduction," so long as the reduction is consistent with the Sentencing Commission's policy statement. 18 U.S.C. § 3582(c)(1)(A)(i). There are three components to accessing relief under § 3582(c)(1)(A): exhaustion; eligibility; and the Court's discretion.

As to exhaustion, the parties do not dispute that, before filing his motion, Shotwell exhausted his administrative remedies. (Def.'s Mot. at 2; Govt's Resp. at 3 n. 1.) Turning, then, to eligibility, the court must find that "extraordinary and compelling reasons warrant" a reduction and that a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A). These requirements are closely related since the Sentencing Commission's policy statement "describe[s] what should be considered extraordinary and compelling reasons for [a] sentence reduction." 28 U.S.C. § 994(t). Effective November 1, 2023, extraordinary and compelling reasons may exist where "a defendant received an unusually long sentence" due to a subsequent change in the law that "would produce a gross disparity between the sentence being served and the sentence likely to be imposed [now,]" and the defendant has served at least 10 years of the term of imprisonment." U.S.S.G. § 1B1.13(b)(6). Extraordinary and compelling reasons may also arise where the defendant has been a victim of sexual or physical abuse committed by or through a prison employee. U.S.S.G. § 1B1.13(b)(4). Additionally, under a catchall provision, "other reasons" may also qualify as extraordinary and compelling if they are "similar in gravity" to the certain categories enumerated in the statement—either alone or when considered in combination with any of the listed reasons. U.S.S.G. 1B1.13(b)(5). The policy statement also provides that for a defendant to be eligible for a reduction, the court must make a finding that he "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. 1B1.13(a)(2).

Finally, as to discretion, the Court must consider "the factors set forth in section 3553(a)" in determining whether, and to what extent, to ultimately reduce a defendant's sentence. These factors include (1) "the nature and

circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed to," for example, "reflect the seriousness of the offense, [] promote respect for the law, [] provide just punishment for the offense, . . . afford adequate deterrence to criminal conduct[,] protect the public from further crimes of the defendant[,] and" provide for the defendant's various needs in the most effective manner; (3) "the kinds of sentences available"; (4) the applicable sentencing range under the guidelines; (5) "any pertinent [Sentencing Commission] policy statement"; (6) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and (7) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a).

In sum, then, based on the above framework, in order to qualify for a sentence reduction, the Court must find extraordinary and compelling reasons warrant Shotwell's release, that he is not a danger to the community, and that the 18 U.S.C. § 3553(a) factors weigh in favor of release. Importantly, a defendant bears the burden of establishing that such a reduction is warranted. *See United States v. Hamilton*, 715 F.3d 328, 329 (11th Cir. 2013) (noting defendant has the burden to show circumstances meeting the test for a reduction of sentence).

### 3. Analysis

As the parties agree Shotwell has exhausted his administrative remedies, the Court turns to whether he is eligible for relief and, if so, whether the Court should exercise its discretion in affording him that relief.

Shotwell first argues that he is eligible for a sentence reduction based on a sentencing disparity and a change in the law. These two concepts both rely on satisfying the provisions of U.S.S.G. § 1B1.13(b)(6), defining when an "unusually long sentence" will amount to an extraordinary and compelling reason for a sentence reduction:

> **Unusually Long Sentence.**—If a defendant received an unusually long sentence and *has served at least 10 years of the term of imprisonment*, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b) (emphasis added). Because Shotwell only began serving his sentence in 2016, he cannot satisfy this category's requirement that he "has served at least 10 years of the term of imprisonment."

Next, Shotwell maintains that the "uniquely harsh conditions" of confinement at Victorville warrant his early release. This argument appears to implicate the Commission's "Victim of Abuse" category. To satisfy the criteria of this category, a defendant must have been a victim of either sexual abuse, as defined in 18 U.S.C. 2246(2), or physical abuse resulting in serious bodily injury, as defined in the Commentary to § 1B1.1. U.S.S.G. § 1B1.13(b)(4). The abuse must have been committed by, or instituted at the direction of, prison staff. *Id.* The prison conditions Shotwell complains of, while troubling, do not satisfy these criteria. First, Shotwell does not allege any form of sexual abuse. Nor does Shotwell identify any actual physical abuse perpetrated by prison staff, resulting in "serious bodily injury" or otherwise, that he himself has suffered.

Third, Shotwell points to his "exemplary rehabilitation record" to support his early release. But, as Shotwell himself acknowledges, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason" warranting early release. U.S.S.G. § 1B1.13(d). And, since there are no "other factors" that are extraordinary or compelling that would warrant early release, Shotwell's rehabilitation is not relevant to the Court's analysis here.

Finally, even if Shotwell had shown extraordinary and compelling reasons in favor of his release, he does not demonstrate that the § 3553 factors weigh in his favor, nor has he established he would not be a danger to the community. Notably, even while serving his sentence, Shotwell continues to break prison rules, violate the law, and exhibit violence. As the Government points out, Shotwell's disciplinary record includes assault with serious injury, assault without serious injury, possession of a hazardous tool, use of drugs and alcohol, and disruptive conduct. (*See* Discipline Data at 1–3.)

### 4. Conclusion

For the reasons set forth above, the Court **denies** Shotwell's motion for a sentence reduction (**ECF No. 69**).

**Done and ordered** in Miami, Florida, on December 10, 2024.

_____
Robert N. Scola, Jr.
United States District Judge